DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Samuel C. Sims appeals from the denial of his post-conviction motion to withdrawal his plea of guilty in the Summit County Court of Common Pleas. This Court affirms.
In May 1994, Sims pled guilty to one count of aggravated trafficking in cocaine, a violation of R.C. 2925.03(A)(7). In an entry journalized on June 3, 1994, the trial court sentenced Sims to five to twenty-five years incarceration, with five years actual incarceration, and imposed an accompanying $7,500 fine. The trial court also ordered the forfeiture of a vehicle owned by Sims and ordered that funds seized from Sims be applied toward the mandatory fine and the costs of the prosecution. Sims appealed to this Court.
On August 5, 1994, while his appeal was pending, Sims then filed a motion to withdraw his guilty plea and to vacate his sentence pursuant to Crim.R. 32.1. The trial court denied this motion on August 19, 1994, and this Court affirmed both that decision and the prior sentencing in State v. Sims (May 24, 1995), Summit App. Nos. 16841 and 16936, unreported. Subsequently, Sims filed a second motion to withdraw his guilty plea on October 14, 1998. The trial court denied the motion on May 6, 1999, stating that the motion had "been filed and ruled upon by this Court August 19, 1994" and that "[t]he Court will not entertain it again."
Sims timely appeals from the May 6, 1999 judgment, asserting three assignments of error.
Assignment of Error No. I
 THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA AND VACATE SENTENCE BASED ON WHAT THE COURT CLAIMED WAS A PREVIOUSLY DECIDED MOTION, NOTWITHSTANDING TWO VERY IMPORTANT ARGUMENTS OF FIRST IMPRESSION CONTAINED IN THE MOTION.
 Assignment of Error No. II
 THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S PLEA OF GUILTY AND LATER REFUSING TO HEAR ARGUMENT ON APPELLANT'S MOTION TO WITHDRAW SAID PLEA, WHERE APPELLANT DID NOT KNOWINGLY AND INTELLIGENTLY ENTER HIS PLEA, AS HE DID NOT UNDERSTAND THE CHARGES AGAINST HIM.
 Assignment of Error No. III
 THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S PLEA OF GUILTY AND LATER REFUSING TO HEAR ARGUMENT ON APPELLANT'S MOTION TO WITHDRAW SAID PLEA, WHERE APPELLANT DID NOT KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY WAIVE HIS CONSTITUTIONAL RIGHTS, AS HE DID NOT HAVE VITAL INFORMATION PERTAINING TO THE CHARGE AGAINST HIM, TO WIT BRADY DISCLOSURES.
In addressing Sims' assignments of error, this Court need not reach the underlying merits of his arguments. This is so because Sims has failed to satisfy the threshold prerequisites for consideration of his motion to withdrawal his guilty plea.
The Supreme Court of Ohio has held:
 Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.
State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus. This Court has previously applied Reynolds in holding that a motion to withdraw a plea of guilty after the time for direct appeal that seeks vacation of a conviction and sentence on a claimed violation of a defendant's constitutional rights must be construed as a successive petition for postconviction relief. State v. Lewis
(Feb. 9, 1999), Lorain App. No. 98CA007007, unreported; State v.Shie (July 23, 1997), Wayne App. No. 96CA0073, unreported. In the instant case, Sims had previously filed a motion for withdrawal of his guilty plea prior to his October 14, 1998 motion. Further, a claim that a guilty plea was neither knowing nor voluntary is clearly predicated upon constitutional violations. State v. White
(Sept. 8, 1999), Lorain App. No. 98CA007036, unreported. Such a second petition for postconviction relief is governed by R.C.2953.23(A), which provides:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
As with the defendants in White, Lewis and Shie, Sims has failed to satisfy the criteria under R.C. 2953.23(A) permitting consideration of his petition for relief. Although he complains that his defense was prejudiced by a lack of disclosure of the facts underlying the charge against him and an arguable conflict that existed with his trial counsel's representation of a potential adverse witness, Sims did not even attempt to show by clear and convincing evidence that, but for the alleged constitutional error, a reasonable factfinder would have found him innocent of the charges to which he pled guilty. As such, he failed to satisfy R.C. 2953.23(A)(2).[1] Accordingly, the trial court was permitted to deny Sims' petition without addressing its merits or holding a hearing.
The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
DONNA J. CARR, FOR THE COURT
BATCHELDER, P.J., WHITMORE, J., CONCUR.
[1] Accordingly, this Court need not address whether Sims satisfied R.C. 2953.23(A)(1).